UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CR-20503-GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD BRINSON,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant Donald Brinson's Motion for Reduction in Sentence via First Step Act and CARES Act (the "Motion"). [ECF No. 64]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

### I. BACKGROUND

Defendant is a 39-year-old male incarcerated at the Federal Correctional Institution, Coleman Low ("FCI Coleman Low") and has a projected release date of May 15, 2028. On October 21, 2015, following a jury trial, Defendant was convicted of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [ECF No. 31]. On December 22, 2015, United States District Judge Ursula Ungaro sentenced Defendant to a 180-month term of imprisonment and a 5-year term of supervised release. [ECF No. 40]. Although Defendant's sentencing guideline range was 188 months to 235 months, Judge Ungaro determined that 180 months—the 15-year minimum-mandatory—was sufficient but not greater than necessary. [ECF No. 54]. To date, Defendant has served approximately half of his sentence.

1

In the Motion, Defendant asks the Court to grant him compassionate release for the balance of his term of imprisonment or, in the alternative, to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). He alleges his health conditions—asthma and obesity—constitute extraordinary and compelling circumstances warranting his release. [ECF No. 64]. Further, he alleges that his model behavior as an inmate and enrollment in personal and professional development classes illustrate that he no longer poses a threat to the safety of any other person or the community. *Id.*

## II.    LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

§ 3582(c)(1)(A); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i); *see also* § 3553(a). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies, (2) the § 3553(a) factors support Defendant's

compassionate release; (3) extraordinary and compelling reasons warrant Defendant's request; and (4) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017-BB, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

### III.   DISCUSSION

The Government does not dispute that Defendant exhausted his administrative remedies. Thus, the Court must determine whether Defendant's request has merit. The Court denies the Motion because the § 3553(a) sentencing factors do not support a modification of Defendant's sentence, Defendant's medical conditions do not constitute extraordinary and compelling reasons warranting his release, and Defendant remains a danger to the safety of other persons and the community.

#### A.   Section 3553(a) Factors[1]

The Court finds that the § 3553(a) factors do not support Defendant's release. Defendant is an armed career criminal with a category IV criminal history, based on his multiple felony drug convictions and thefts. [ECF No. 37 at 6–15]. Defendant's instant conviction is based on his unlawful possession of a loaded, stolen firearm. Aside from alleging new medical conditions, Defendant fails to provide a new and convincing basis to justify a sentence modification. *United States v. Dutervil*, No. 16-CR-60322, 2021 WL 371595, at *3 (S.D. Fla. Feb. 3, 2021). Therefore, the § 3553(a) factors do not support a granting of the Motion.

---

[1] Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

**B.     Extraordinary and Compelling Reasons**

Even if the § 3553(a) factors did support the Motion, Defendant must still provide extraordinary and compelling reasons warranting his release. Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

**(A) Medical Condition of the Defendant.**

>   (ii) The defendant is--
>
>>   (I) suffering from a serious physical or medical condition,
>>
>>   (II) suffering from a serious functional or cognitive impairment, or
>>
>>   (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. . . .

**(C) Family Circumstances.**

>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

U.S. Sent'g Guidelines Manual § 1B1.13 cmt. N.1(A)(ii) and (C)(i). In response to the recent pandemic, the Centers for Disease Control and Prevention ("CDC") delineated several conditions and risk factors that increase the risk of contracting COVID-19. *See* Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions*, CDC (May 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Prior to his sentencing in 2015, Defendant did not report any physical health problems. [ECF No. 37 at 19]. Defendant now alleges that he suffers from moderate asthma and obesity. [ECF No. 64]. The Bureau of Prisons Health Services ("BOP Health Services") prescribed

4

Defendant with an inhaler for use as needed on January 15, 2021. [ECF No. 67-1]. As of February 8, 2021, Defendant is obese because his body mass index ("BMI") is over 30. *Id.*; *see People with Certain Medical Conditions*, *supra*. However, the Court finds that Defendant's conditions of asthma and obesity, alone or in combination with COVID-19, do not constitute extraordinary and compelling circumstances. *Cf. United States v. Hayes*, No. 3:18-CR-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020) (holding that 47-year-old defendant's allegations of having hypertension and obesity—alone or in combination with COVID-19—do not create extraordinary and compelling circumstances). Given that Defendant is 39 years old and his asthma is treatable by BOP Health Services, the record does not show that Defendant suffers from serious medical conditions that substantially diminish his ability to provide self-care within FCI Coleman Low. *See United States v. West*, No. 19-CR-20091, 2020 WL 9349557, at *3 (S.D. Fla. Dec. 10, 2020) (finding that 34-year-old defendant's COVID-19 risk factors of high blood pressure and obesity do not constitute extraordinary and compelling circumstances because the defendant's conditions are well managed in a correctional facility and the defendant is "relatively young"). Thus, no extraordinary and compelling circumstances[2] exist to justify Defendant's compassionate release. § 3582(c)(1)(A)(i).

    **C.    Danger to the Community**

The Court further finds that Defendant still poses "a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(2). In making this determination, the Court considers: (1) "the nature and circumstances of the offense charged;" (2) "the weight of

---

[2] In addition, Defendant alleges his family circumstances constitute extraordinary and compelling circumstances justifying his release. The Court disagrees. It is unlikely that Defendant and the child's mother are the only available caregivers for Defendant's minor child because Defendant's sister continues to help raise the child [ECF No. 37, 65-2].

5

the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g). Defendant's status as an armed career criminal is indicative of the danger he poses to the safety of other persons and the community. *See United States v. McCoy*, No. 06-CR-20265, 2021 WL 327864, at *2 (S.D. Fla. Jan. 31, 2021) (holding that defendant's categorization as an armed career criminal demonstrated the defendant remains a danger to the community). Prior to the instant firearm offense, Defendant was convicted of ten prior felonies. [ECF No. 37 at 6–15]. Defendant violated his probation in three of those cases and was sentenced to additional terms of imprisonment. *Id*. at 6–8, 10. While the Court recognizes the value of Defendant's good behavior and classes taken during incarceration, these factors fail to offset Defendant's criminal history. Therefore, the Motion is also denied for this reason.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Motion for Reduction in Sentence via First Step Act and CARES Act, [ECF No. 64], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of June, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE