UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CR-20503-GAYLES

UNITED STATES OF AMERICA

v.

DONALD BRINSON,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant Donald Brinson's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). [ECF No. 81]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

Defendant is a 42-year-old male incarcerated at the Residential Reentry Management (RRM) Miami with a projected release date of May 15, 2028.[1] On October 21, 2015, following a jury trial, Defendant was convicted of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [ECF No. 31]. Defendant had four prior Florida convictions for possession with intent to sell or deliver narcotics and, therefore, was classified as an armed career criminal under the Armed Career Criminal Act ("ACCA"). [ECF No. 37 ¶¶ 17, 23-24, 29, 36].

---

[1] When Brinson filed the motion, he was incarcerated in Federal Correctional Institution, Coleman Low ("FCI Coleman Low").

1

On December 23, 2015, United States District Judge Ursula Ungaro sentenced Defendant to a 180-month term of imprisonment and a 5-year term of supervised release. [ECF No. 40]. Although Defendant's sentencing guidelines imprisonment range was 188 months to 235 months, [ECF No. 37 ¶ 73], Judge Ungaro determined that 180 months—the 15-year minimum mandatory—was sufficient but not greater than necessary, [ECF No. 54 at 5]. To date, Defendant has served over two-thirds of his sentence.

In December of 2020, Defendant filed a motion for compassionate release pursuant to § 3582(c)(1)(A), arguing that his medical conditions constituted extraordinary and compelling reasons for his release from prison. [ECF No. 64]. On June 22, 2022, this Court denied Defendant's motion "because the § 3553(a) sentencing factors did not support a modification of Defendant's sentence, Defendant's medical conditions did not constitute extraordinary and compelling reasons warranting his release, and Defendant remained a danger to the safety of other persons and the community." [ECF No. 73].[2]

On January 10, 2023, Defendant filed the instant Motion, asking the Court to grant him compassionate release and reduce his sentence pursuant to § 3582(c)(1)(A). [ECF No. 81]. As with his prior motion, Defendant argues that, based on his medical conditions of asthma and a body mass index of 31%, he is at an increased risk of severe illness or death in prison due to COVID-19. [ECF No. 81]. He also argues that, based on changes in the law, he would no longer qualify as an armed career criminal under the Armed Career Criminal Act ("ACCA"), citing to *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) ("*Jackson* I").[3]

---

[2] On March 2, 2021, Defendant filed a Request for Reduction in Sentence Under the First Step Act Part 401 and 18 U.S.C. § 3582(c)(2) in which he challenges one of his predicate offenses under the Armed Career Criminal Act. [ECF No. 67].

[3] In addition, Defendant argues that, pursuant to *Rehaif v. United States*, 588 U.S. 225 (2019), the Court erred in adjudicating him guilty of 18 U.S.C. § 922(g)(1) without the Government proving that he knew he was barred from possessing a firearm. This argument is not properly raised in a motion for compassionate release. "[A] motion for

2

## II.   LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

§ 3582(c)(1)(A); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i); *see also* § 3553(a). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(2).

To grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies, (2) the § 3553(a) factors support Defendant's compassionate release; (3) extraordinary and compelling reasons warrant Defendant's request; and (4) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017-BB, 2020 WL

---

compassionate release that, in substance, collaterally attacks the legality of a sentence is improper; such a challenge is more appropriate in a 28 U.S.C. § 2255 motion to vacate." *United States v. Candelaria*, No. 24-10637, 2025 WL 1165943, at *2 n.1 (11th Cir. 2025) (citing *McCarthan v. Dir. of Goodwill Indus.-Sun-coast*, 851 F.3d 1076, 1081 (11th Cir. 2017). Even if the Court could consider Defendant's *Rehaif* argument in the context of a motion for compassionate release, his request would still be denied because, as set forth below, the § 3553(a) factors do not support Defendant's release and Defendant remains a danger to the community.

1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

### III. DISCUSSION

The Court denies the Motion because (1) the § 3553(a) sentencing factors do not support a modification of Defendant's sentence, (2) Defendant's medical conditions do not constitute extraordinary and compelling reasons justifying release, and (3) *Jackson* is not a change in the law that would justify his early release.

#### A. Administrative Exhaustion

The Government does not dispute that Defendant exhausted his administrative remedies related to his claim challenging the validity of his sentence under the ACCA. [ECF No. 83-2]. However, the record is devoid of any evidence that Defendant exhausted his administrative remedies as to his claim based on his medical conditions. However, for purposes of this Motion, the Court will assume both claims are exhausted and address them on the merits.

#### B. Section 3553(a) Factors[4]

The Court finds, once again, that the § 3553(a) factors do not support Defendant's release. Defendant is an armed career criminal with multiple felony drug and other convictions. [ECF No. 37 at 6–15]. Defendant's instant conviction was based on his unlawful possession of a loaded, stolen firearm. Considering the § 3553(a) factors at the time of sentencing, Judge Ungaro concluded that a term of 180 months was appropriate in this case. Defendant has not provided new and convincing evidence supporting a modification to his imposed sentence. *See United States v.*

---

[4] Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

*Post*, No. 9:15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (holding sentence reduction not warranted in light of § 3553(a) factors where "much of the information that [defendant] provide[d] in his Motion was before the court at the time of his sentencing" and the imposed sentence was appropriate). Therefore, the § 3553(a) factors do not support granting the Motion.

### C.    Extraordinary and Compelling Reasons

Defendant also fails to establish extraordinary and compelling reasons warranting his early release. Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

(1) <u>Medical Circumstances of the Defendant</u>—

>   (B) The defendant is—
>
>   >   (i) suffering from a serious physical or medical condition,
>   >   (ii) suffering from a serious functional or cognitive impairment, or
>   >   (iii) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. . . .

(5) <u>Other Reasons</u>.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

(6) <u>Unusually Long Sentence</u>.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S. Sent'g Guidelines Manual § 1B1.13(b)(1), (b)(5) (b)(6).

1. **Medical Conditions**

Prior to his sentencing in 2015, Defendant did not report any physical health problems. [ECF No. 37 at 19]. As of January 10, 2023, Defendant has a BMI of 31 and asthma which puts him at an increased risk of contracting COVID-19.[5] *Id.*; *see People with Certain Medical Conditions and COVID-19 Risk Factors*, *supra*. However, the Court finds that Defendant's conditions of asthma and obesity, alone or in combination with COVID-19, do not constitute extraordinary and compelling circumstances. *Cf. United States v. Hayes*, No. 3:18-CR-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020) (holding that 47-year-old defendant's allegations of having hypertension and obesity—alone or in combination with COVID-19—do not create extraordinary and compelling circumstances). Defendant is 42 years old, his asthma is treated through medication, and, as of July 2021, he was fully vaccinated against COVID-19. [ECF No. 83]. *See United States v. West*, No. 19-CR-20091, 2020 WL 9349557, at *3 (S.D. Fla. Dec. 10, 2020) (finding that 34-year-old defendant's COVID-19 risk factors of high blood pressure and obesity do not constitute extraordinary and compelling circumstances because the defendant's conditions are well managed in a correctional facility and the defendant is "relatively young"); *See also United States v. Tomblin*, No. 3:18-CR-203-HES-JRK, 2021 WL 1966524, at *2 (M.D. Fla. May 17, 2021) (Holding that defendant's claims she is still in jeopardy from COVID-19 pending the completion of her vaccine regimen, and that the vaccine does not work well in the real world were unconvincing given the that the Pfizer and Moderna COVID-19 vaccines were effective.).

---

[5] In response to the pandemic, the Centers for Disease Control and Prevention ("CDC") delineated several conditions and risk factors that increase the risk of contracting COVID-19. *See* Ctrs. for Disease Control & Prevention, *People with Certain Medical Conditions and COVID-19 Risk Factors*, CDC (June 11, 2022), https://www.cdc.gov/covid/risk-factors/index.html.

Thus, Defendant's medical conditions do not present an extraordinary and compelling circumstance to justify his early release.

### 2. Changes in the law

Defendant also argues that changes in the law constitute compelling reasons for his early release. Under subsection (b)(6), the Court may consider a change in the law to determine whether extraordinary and compelling reasons exist, "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . ." U.S.S.G. § 1B1.13(b)(6).[6] Here, Defendant argues that, pursuant to *Jackson I*, he would no longer be considered an armed career criminal under the ACCA. However, *Jackson I* was vacated on September 8, 2022, *see United States v. Jackson*, No. 21-13963, 2022 WL 4959314, at *1 (11th Cir. Sept. 2022), and superseded on December 13, 2022, *see United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022). In the superseding decision, the Eleventh Circuit held that a conviction for possession of ioflupane prior to the change in law exempting ioflupane as a Schedule II controlled substance still qualified as a predicate serious drug offense under the ACCA. *Id.* at 860-61. Accordingly, Defendant has not established that a change in the law would result in a different sentence today.

### D. Danger to the Community

Finally, the Court finds that Defendant still poses "a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(B)(2). In making this determination, the Court considers: (1) "the nature and circumstances of the offense charged;" (2)

---

[6] Defendant may not rely on the "other reasons" subsection, § 1B1.13(b)(5), to argue that a change in the law constitutes an extraordinary reason for his early release. "Except as provided in subsection (b)(6), a change in law . . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."). U.S.S.G. § 1B1.13(c). *See also United States v. Curtis*, No. 24-11627, 2024 WL 4616105 (11th Cir. 2024).

"the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g). Defendant's status as an armed career criminal is indicative of the danger he poses to the safety of other people and the community. *See United States v. McCoy*, No. 06-CR-20265, 2021 WL 327864, at *2 (S.D. Fla. Jan. 31, 2021) (holding that defendant's categorization as an armed career criminal demonstrated the defendant remains a danger to the community). Prior to the instant firearm offense, Defendant was convicted of ten prior felonies. [ECF No. 37 at 6–15]. Furthermore, Defendant violated his probation in three of those cases and was sentenced to additional terms of imprisonment. *Id*. at 6–8, 10. Therefore, the Motion is also denied for this reason.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A), [ECF No. 81], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of August 2025.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE